IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: MOTION TO SEAL SEARCH WARRANT DOCUMENTS | : | Case No. 3:19MJ709 |
| | : | UNDER SEAL |

UNITED STATES' MOTION TO SEAL SEARCH WARRANT DOCUMENTS

The United States, by and through its attorneys, David M. DeVillers, United States Attorney, and Julienne McCammon, Special Assistant United States Attorney, hereby moves the Court to seal the application for search warrant, the affidavit in support of that application, search warrant and search warrant return, in the above-captioned case until January 31, 2021. The United States also requests that this motion be sealed as it necessarily discusses aspects of the investigation.

I.   Governing Case Law

The proceeding for issuing a search warrant and related documents "is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove the evidence." *Franks v. Delaware*, 438 U.S. 154, 169 (1978); *see also In re Search of Fair Finance*, 692 F.3d 424, 430 (6th Cir. 2012). It is generally recognized that the public has a common law right, but no First Amendment right, of access to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. *Fair Finance*, 692 F.3d at 431-32. Yet, because "[t]here are a variety of ways in which the criminal investigatory process may be harmed by making documents filed in search warrant proceedings publicly available," *id.* at 432, a court has the inherent power to seal affidavits in support of warrants to protect an ongoing investigation. *Times Mirror Company v. United*

*States*, 873 F.2d 1210, 1213 n.3 (9th Cir. 1989); *see also Fair Finance*, 692 F.3d at 433 (recognizing district court's power as "supervisor of its own records and files" to weigh public's right to know against government's interest in privacy).

II.     Reasons for Sealing

The application for search warrant, the accompanying affidavit, search warrant and search warrant return in this case are related to an ongoing investigation into Prostitution Near Military and Navel Establishments, in violation of 18 U.S.C. § 1384, False, Fictitious or Fraudulent Claims, in violation of 18 U.S.C. § 287, Embezzlement/Misuse of Government Property, in violation of 18 U.S.C. § 641, False Statements, in violation of 18 U.S.C. § 1001, Extortion of Officer or Employees of the United States, in violation of 18 U.S.C. §872, and 18 U.S.C. §§ 7 and 13 which assimilate ORC 2927.12, Ethnic Intimidation and ORC 2903.21, Aggravated Menacing. The affidavit sets forth significant information concerning the investigation and premature public disclosure of the warrant application and accompanying affidavit may compromise the government's investigation by revealing details of the investigation to the targets and other individuals involved in the activity. This may lead to the destruction of evidence and tampering and/or collusion of witnesses. The United States has considered alternatives less drastic than sealing until January 31, 2021, and, finds none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the application, affidavit supporting the warrant, search warrant and search warrant return remain sealed until otherwise ordered by the Court, or until January 31, 2021, whichever occurs earlier.

The United States also requests that this motion be sealed.

                    Respectfully Submitted
                    DAVID M. DEVILLERS
                    United States Attorney

                    /s/ Julienne McCammon
                    JULIENNE MCCAMMON (MD 9103050001)
                    Special Assistant United States Attorney
                    Attorney for Plaintiff
                    200 West Second Street, Suite 600
                    Dayton, Ohio 45402
                    Office: (937) 225-2910
                    E-mail: julienne.mccammon@us.af.mil